IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STANLEY RECTOR, JR.,           )
                               )
         Plaintiff,            )
                               )
vs.                            )    Case No. 19−cv–00371−JPG
                               )
SHERIFF DEPARTMENT, PERRY      )
COUNTY, ILLINOIS,              )
STEVE BARIS, *Perry County Sheriff*, )
WSIL NEWS CHANNEL 3, and       )
FAMILY OF WILLIAM STROUD, JR., )
                               )
         Defendants.           )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Stanley Rector, Jr.[1] brings this civil rights action pursuant to 42 U.S.C. § 1983 seeking monetary damages. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] At the time of filing this action, it appears that Plaintiff was a "prisoner" and thus subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *See* 28 U.S.C. § 1915A(c). Section 1915A(c) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id*. The envelope containing Plaintiff's Complaint lists his return address as the Perry County Jail in Pinckneyville, Illinois. But Plaintiff also lists an alternative address in his Complaint, raising some question about his status as a "prisoner" on the date he filed his Complaint. To resolve this issue, Plaintiff will be required to advise the Court, in writing, of his address on the date he filed the Complaint.

1

**Complaint**

Plaintiff makes the following allegations in the Complaint: Defendants made him look like a killer. (Doc. 1, pp. 6-7). His picture and name was on the news and social media. (Doc. 1, p. 7). However, he was not charged and did not receive a ticket for the incident with William Stroud, Jr. *Id.* His life has been threatened by the family of William Stroud, Jr. *Id.* He has been slandered, defamed, harassed, and lost business and income. *Id.*

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> Count 1: Defendants slandered and defamed Plaintiff by making him look like he was a killer on the news and social media and caused him lost business and income.
>
> Count 2: Defendants harassed Plaintiff.
>
> Count 3: Plaintiff's life has been threatened by the family of William Stroud, Jr.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.[2]

**Discussion**

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, but he identifies no violation of his *federal* constitutional rights. (Doc. 1, pp. 6-7). He alleges state law claims, to the extent such claims are recognized under Illinois law. Absent any federal claim, the Court declines to exercise supplemental jurisdiction over this matter. *See* 28 U.S.C. § 1367(c)(2) (authorizing

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

district court to decline supplemental jurisdiction over state law claim that substantially predominates over claim(s) giving rise to original jurisdiction).

Even if Plaintiff pursued a claim for money damages based on a violation of his *federal* constitutional rights, the Complaint would still be subject to dismissal. Plaintiff seeks money damages against the Perry County Sheriff's Department, which is not a "person" subject to a suit for money damages under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook County. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Additionally, neither WSIL News Channel 3 or the Family of William Stroud, Jr. is a "person" acting under color of state law for Section 1983 purposes. Further, Plaintiff lists Steve Baris, Perry County Sheriff, among the defendants, but makes no specific allegations against him in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("plaintiff cannot state a claim against a defendant by including the defendant's name in the caption").

Plaintiff's Complaint does not survive preliminary review and will be dismissed. Plaintiff will have an opportunity to file an amended complaint, if he wishes to proceed any further with this action. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). When preparing a First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe

3

what the defendant did, or failed to do, *to violate his federal constitutional rights*. A successful complaint generally alleges "the who, what, when, where, and how ...." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Additionally, should Plaintiff file a First Amended complaint, he should tell the Court whether he was an arrestee, pretrial detainee, or prisoner at the time of any alleged constitutional violations.

## Disposition

**IT IS ORDERED** that Plaintiff must advise the Court, in writing, of his address on the date he filed the Complaint on or before **May 6, 2019**. Failure to do so will result in continued treatment of this case as one filed by a prisoner pursuant to the Prison Litigation Reform Act under 42 U.S.C. § 1997e and 28 U.S.C. § 1915A(c).

**IT IS ORDERED** that the Complaint (including **COUNTS 1, 2,** and **3**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **SHERIFF DEPARTMENT, PERRY COUNTY, ILLINOIS, WSIL NEWS CHANNEL 3,** and **FAMILY OF WILLIAM STROUD, JR.** are **DISMISSED** with prejudice from the action. The Clerk is **DIRECTED** to **TERMINATE** these defendants in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 6, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00371-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own *without* reference to any previous pleading, such as the Supplement. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 4/8/2019**

                                                                                       s/J. Phil Gilbert
                                                                                       **J. PHIL GILBERT**
                                                                                       **United States District Judge**