IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STANLEY RECTOR, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19−cv−00371−JPG |
| | ) | |
| WILLIAM STROUD SR., | ) | |
| STEVE BARIS, | ) | |
| AUSTIN STROUD, | ) | |
| MYLENA FRUITS, | ) | |
| JEFFERY MCCAULEY, | ) | |
| LACEY LEMON'S, | ) | |
| MARK KIESLING, | ) | |
| CAROLYN CERDA, and | ) | |
| BROOKE SCHLYDER, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Stanley Rector, Jr.[1] brings this action pursuant to 42 U.S.C. § 1983[2] seeking

---

[1] At the time of filing this action, it appears that Plaintiff was a "prisoner" and thus subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *See* 28 U.S.C. § 1915A(c). Section 1915A(c) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id*. Plaintiff's Complaint and Amended Complaint lists his address as the Perry County Jail in Pinckneyville, Illinois.

[2] Plaintiff drafted the Complaint and the Amended Complaint using the standard Southern District of Illinois *pro se* civil rights complaint form. Both pleadings failed to indicate whether he is pursuing relief under 42 U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680, or some other law. It is apparent, however, that both pleadings are an attempt to bring one or more claims pursuant to Section 1983. Plaintiff is confined in the Perry County Jail. His original complaint named the Perry County Sheriff's Department and the Perry County Sheriff as defendants and included an allegation that life threatening events had happened in the Perry County Jail. Claims against local officials are generally brought pursuant to Section 1983. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). This is true even if Plaintiff is a federal pretrial detainee or prisoner being housed at the jail on a federal holdover. *See, id.* Accordingly, Plaintiff's original Complaint was treated as a Section 1983 action and was reviewed and dismissed under Section 1915A. The Amended Complaint also attempts to bring claims against a local official and will be treated as an attempt to bring a claim pursuant to Section 1983.

monetary damages. The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **Amended Complaint**

Plaintiff sets forth the facts and his claims in the Amended Complaint as follows:

On February 1, 2019, Perry County Sheriff Steve Baris went live on WSIL Channel 3 News and said, "The only person with information on the whereabouts of William Stroud Jr. will not cooperate." (Doc. 12, p. 2). At the time, Baris was at the Perry County Sheriff's Department. *Id.* Baris did not interview Plaintiff. *Id.* Baris also told the WSIL Channel 3 News crew that Plaintiff was the driver of the vehicle in the pursuit that night (January 11, 2019). *Id.* Plaintiff did not receive a traffic citation and criminal charges were not filed against him for driving the truck on that night. (Doc. 12, pp. 2, 6). Baris slandered and defamed Plaintiff live on WSIL Channel 3 News on other occasions from February 1-19, 2019. *Id.*

On January 15, Austin Stroud and three other males attempted to attack Plaintiff while he was walking in an alley. (Doc. 12, p 2). He ran from them. *Id.* Austin Stroud is William Stroud Jr.'s son and believes Plaintiff killed his father. *Id.* There have been other incidents with Austin Stroud. *Id.*

Mylena Fruits was William Stroud Jr.'s girlfriend and she has slandered and defamed Plaintiff on social media by calling him a killer. *Id.*

From February 1-April 12, 2019, William Stroud Sr. posted on Facebook and the WSIL

Channel 3 News web page that Plaintiff is a murderer. (Doc. 12, p. 6).

Members of the WSIL Channel 3 News Team, Mark Kiesling, Brooke Schlyder, and Carolyn Cerda, stated Plaintiff was identified as the driver that night on several occasions when speaking about William Stroud Jr. *Id.* When they said, "body found," "up went [Plaintiff's] photo." *Id.*

On or about February 1, 2019, Jeffery McCauley slandered and defamed Plaintiff on social media and to people in Dowell, Illinois (where Plaintiff lived) by calling him a drug addict and murderer. *Id.*

On or about March 18, 2019, Lacey Lemon's slandered and defamed Plaintiff on social media by calling him a murderer and posting his past criminal history on Facebook and the WSIL Channel 3 News Facebook page. *Id.*

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> Count 1: Defendants made defamatory statements about Plaintiff on the news and social media making him look like he was a "murderer" and drug addict.
>
> Count 2: Defendant Austin Stroud attempted to attack Plaintiff.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.[3]

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

The facts, as Plaintiff has alleged them, do not rise to the level of a colorable constitutional claim cognizable via a Section 1983 action. (Doc. 12, pp. 1-9). Further, other than Perry County Sheriff Steve Baris, the Defendants are not persons acting under color of state law and are not subject to a suit for money damages under Section 1983. *Smith v. Knox County. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook County. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Because the Court discerns no viable federal claims in the Amended Complaint, and because Plaintiff appears to have set forth his best case therein, further amendment of the complaint would be futile. Therefore, the Amended Complaint, and this case, will be dismissed for failure to state a claim upon which relief may be granted. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). The dismissal will be without prejudice to Plaintiff pursuing whatever claim(s) he may have in state court based on the Defendants' allegedly wrongful conduct.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for failure to state a claim upon which relief may be granted. The dismissal, however, is without prejudice to Plaintiff pursuing whatever remedies he may have in state court. The dismissal counts as a "strike" under 28 U.S.C. § 1915(g). The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** as moot.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED.

R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents.

    **IT IS SO ORDERED**.

    **DATED: 6/4/2019**

    s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**